No. 2620.—EDWARD MOORE *v.* HELEN A. MOORE et al.

A purchaser of property at probate sale has the right to retain, in his hands, an amount of the purchase money equal to the amount of unpaid taxes recorded against the land purchased.
Where heirs, by intervention, seek to have their rights established against their tutor, and a judgment against the sureties on the tutors' bond, and the court *a qua* fails to pass on the prayer against the sureties, the Supreme Court will, on affirming the judgment dismissing the intervention, reserve the rights of the heirs to proceed against the sureties on the tutors' bond.

APPEAL from Fifth Judicial District, parish of Iberville. *Posey, J. Dunn & Herron,* for plaintiffs. *W. B. Robertson,* for defendants. *Samuel Mathews,* for intervenors, appellants.

TALIAFERRO, J. This suit, with the exception that throughout, the parties are not the same, is a repetition of that of Helen A. Moore et al. *v.* Edward Moore et al., decided on appeal by this court in February, 1868. 20 An. 159.

In that case two of the four Boissac heirs intervened, contesting the claims of the heirs of Mrs. Moore upon the property of their father, the plaintiff in the present case. Here the other two heirs of Boissac intervene, setting up their claims which are founded on the same basis, and are concurrent with those of the other two who intervened in the first suit. The claims of these Boissac heirs are against Edward Moore, who was their former tutor as well as natural tutor to his own children. They claim legal mortgage on his property. Sosthene and Ennemond Boissac, it seems, had each obtained a judgment against their former tutor when they became parties by intervention in the case reported in 20 An., and by the decree in that case were assigned a rank next to that of Mrs. Carter, one of the heirs of Mrs. Moore. It awarded to Mrs. Carter the sum of $3801 60, with legal mortgage, to have priority over that of the Boissac heirs. This amount deducted from $9102 69, the net amount of Moore's share of the proceeds of sale of the community property, there is left $5301 09, which, it seems, is all the Boissac heirs can claim of these proceeds. It was found in the court below that the whole of this sum was received by Ennemond and Sosthene Boissac, and that the other two intervening in the present suit have obtained no portion of it. Whether they are entitled to participate with the former is not a question before the court. The intervenors in the case now under review, also pray judgment against the surety on their

tutor's bond; but upon this branch of the case, the lower court did not pass for the want of sufficient evidence.

Pending the proceedings in the court *a qua*, Rogers, the purchaser of the property of Moore, intervened by rule taken against all the parties to show cause why he should not be authorized to retain in his hands the sum of $640 for the payment of certain specified taxes on the land purchased by him.

The judge of the lower court, having reference to the decision of this court in the case of Helen A. Moore et al. *v.* Edward Moore et al., and the facts before him in the present case, rendered judgment dismissing the intervention and third opposition of the Boissac heirs, and sustaining the demand set up by Rogers, to retain out of the price of the property the amount alleged to be due for taxes.

From this judgment the intervenors appeal. We see no reason for disturbing the judgment.

It is therefore ordered, adjudged and decreed that the judgment of the district court be affirmed, with costs of this appeal. All legal rights of the intervenors against the surety on the bond of their former tutor is reserved by this decree.